IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RENATA ROCHELLE FOREMAN

    Petitioner,

v.                                                                              Case No. 4:23-cv-402/MW/MAL

ACTING WARDEN F.C.I. TALLAHASSEE[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me on Respondent's Motion to Dismiss Petitioner Renata Rochelle Foreman's second amended petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF Nos. 21 and 8. Petitioner has not responded in opposition to the motion, despite having been afforded the opportunity to do so. After careful consideration of the record and relevant law, I recommend the motion to dismiss be granted and the § 2241 petition be dismissed. Foreman seeks relief that is beyond the scope of § 2241 and she did not exhaust her administrative remedies before filing her petition.

---

[1] It is sufficient to generically identify the warden of the facility where Petitioner is currently incarcerated as the respondent in the instant petition. *See Hamric v. Warden, FCI Mendota*, Cases 1:20-00480-CG-N, 1:09-00250-CG-N, 2021 WL 2325333, at *1 n.1 (S.D. Ala. May 6, 2021). The Court has been advised that Warden Gabby, who was previously named as Respondent, is now serving at another institution and an acting warden is currently in the position. Pursuant to Fed.R.Civ.P. 25(d), the Acting Warden of FCI Tallahasee is automatically substituted as a party in this action.

## I.  BACKGROUND

In March of 2019, the United States District Court for the Middle District of Louisiana sentenced Foreman to a total term of 111 months' imprisonment after a jury found her guilty of three counts of wire fraud and three counts of aggravated identity theft. *See* M.D. La. Case 3:17cr119; *see also United States v. Foreman*, 797 F. App'x 867 (5th Cir. 2020). In February of 2014, Foreman had been sentenced in Eastern District of Louisiana Case 2:13cr190-SM-SS to a term of 33 months' imprisonment after her conviction of theft of Government funds, mail fraud and identity theft. Foreman was under federal supervision at a residential reentry center for the 2014 case when she submitted approximately 55 fraudulent applications for disaster relief assistance, which led to the charges in the 2017 case. *See Foreman*, 797 F. App'x at 867. She is currently incarcerated at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of February 26, 2026. *See* https://www.bop.gov/inmateloc/.

## II.   DISCUSSION

A. The Petition and Response

In her second amended petition, dated November 14, 2023, Foreman raises six grounds for relief, each related in some way to her placement in a Special Housing Unit when she was in custody at FCI Aliceville. Her claims are as follows:

1) She did not receive advance written notice of her placement of confinement or of the fact that she was the subject of an investigation;

2) She never received counsel;

3) Staff members are falsifying or altering inmate files and records, specifically about her placement in SHU;

4) She has not received requested audio and video footage that will prove or confirm her placement in administrative detention for her alleged threats towards the judge in her criminal proceeding;

5) She has not received Special Investigation Services (SIS) reports she requested; and

6) Staff members have not responded to her administrative remedy requests regarding her request for audio and video feed, either denying them as time barred or not returning them.

ECF No. 8 at 3-5. As relief, Foreman states due to her pain and suffering she wants financial compensation and release, and she adds she is "also filing a Federal Tort Claim Monetary Damages in the amount of $1,500,000.00." *Id.* at 6. Appended to the second amended petition is a copy of a form titled "Claim for Damage, Injury or

Death," through which Petitioner purports to seek "Compassionate Release" and $750,000 because she was placed in the Special Housing Unit (SHU) without having been provided advance written notice of the charges. *Id.* at 7.

The Warden has moved to dismiss the second amended petition citing failure to exhaust administrative remedies, lack of subject matter jurisdiction and abuse of the writ. ECF No. 21. This Court, Respondent argues, does not have the authority to grant the relief sought by Petitioner in this forum, even if she had exhausted her administrative remedies. The undersigned concurs.

B.  Petitioner's Request for Compassionate Release is not Cognizable

On of the remedies Petitioner arguably seeks through her "Claim for Damage, Injury or Death" is "Compassionate Release." ECF No. 8 at 7. Compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, this statute authorizes a sentencing court, upon motion of the BOP or upon motion of a defendant who has exhausted administrative remedies, to reduce the defendant's term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). Therefore, motions seeking compassionate release are properly filed in the district of conviction. *See, e.g., Soto v. Garrett*, No. 7:20-cv-1240-ACA-JHE, 2020 WL 6263748, at *3 (N.D. Ala. Sept. 30, 2020); *Arnold v. Warden, FCC Coleman-Low,* No. 5:20-cv-199-Oc-02PRL, 2020 WL 2425731,at *1 (M.D. Fla.

May 12, 2020). In Petitioner's case, that would be the U.S. District Court for the Middle District of Louisiana.

Petitioner has unsuccessfully filed motions for compassionate release and supplements thereto in that district. *See* M.D. La. Case 3:17cr119, ECF Nos. 130, 138, 139, 140, 145, 150, 152-157, 160, 169, 171, 183, 190, 191. Neither her lack of success in that forum, nor her unsuccessful attempts to disqualify the presiding judge will allow her to seek the same relief here. *See e.g.,* M.D. La. Case 3:17cr119, ECF No. 170, 173, 196, 199, 215, 219. She is not entitled to "compassionate release" as requested on the attachment to her petition. ECF No. 8 at 7.

C. Petitioner's Request for Money Damages is not Cognizable in Habeas

The other form of relief Petitioner requests is money damages. Such relief is not available under 28 U.S.C. § 2241 because it does not concern the execution, fact or length of her sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release - the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *McFadden v. Neely*, No. 7:23-cv-786-LSC-HMJ, 2024 WL 737310, at *5-*6 (N.D. Al. Jan. 23, 2024) ("claims for monetary relief do not fall within the scope of habeas corpus")

(citing *Preiser*); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003) (affirming district court's finding that money damages are not available under habeas corpus). Petitioner's claim that the pain and suffering she endured because of her placement in the SHU entitles her to monetary relief does not sound in habeas.

D. <u>Petitioner has not Exhausted her Administrative Remedies</u>

Respondent also maintains the petition is subject to dismissal because Foreman did not exhaust her administrative remedies as to the issues raised in the petition.

The Warden has submitted the Declaration of Megan G. Marlow, attorney advisor at FCI Tallahassee, in support of the Motion to Dismiss. ECF No. 21-1. Ms. Marlow avers that her review of Foreman's use of the BOP's Administrative Remedy Program reveals Foreman has filed 26 administrative remedies throughout her incarceration. However, Marlow states Foreman has never filed an administrative remedy on her claims regarding her placement in the SHU. ECF No. 21-1 at 2. Therefore, the Warden contends, even if the Court had jurisdiction to provide the relief requested, the second amended petition would be subject to dismissal for Foreman's failure to exhaust her administrative remedies in accordance with prison deadlines and procedural rules. *Santiago-Lugo v. Warden*, 785 F.3d 467,

471, 474-75 (11th Cir. 2015); *Blevins v. FCI Hazelton Warden,* 819 F. App'x 853, 856 (11th Cir. 2020); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 21-1 at ¶ 6. Each filing received is logged into SENTRY. *Id.* Remedies filed at the institutional level are given an identifying number and the appendage "- F." Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) A numeral after the designated letter indicates the number of times a remedy has been logged at the respective management level. Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejections.

The nature of some of Petitioner's complaints is not clear from the Administrative Remedy Generalized Retrieval printout provided by the Warden. *See, e.g.,* ECF No. 21-2 at 5 (remedy abstract states "conduct of Gov't Official"); ECF No. 21-2 at 6 (remedy abstract states "I/M allege Administrative Remedy Issues"). However, it does not appear that Petitioner successfully completed the entire administrative remedy process for any remedies that might be related to this petition. Two of her appeals to the Central Office were rejected because she did not

follow proper procedures, and there is no evidence they were re-filed. *See* ECF No. 21-2 at 7-8 (Remedies 1156922-A1 and 1155246-A1). Remedy 1164648, alleging "administrative remedy issues" was filed at the Regional and Central Office levels, ECF No. 21-2 at 6, 9, but the entry contains no instructive "Remarks." *Id.* Finally, Remedy 1153797, which was a DHO appeal, was filed at the Regional and Central Office, but it also does not appear relevant to the issues in this case. *Id.* at 4, 13. Petitioner makes vague assertions on the petition form that her remedies were rejected, destroyed, or not put into the SENTRY system. She does not provide any dates or documentation of specific administrative remedies that she sought, nor does she allege that she properly exhausted her administrative remedies. Therefore, her claims are subject to dismissal for failure to exhaust.

    E.  Abuse of the Writ

Finally, the Warden contends the instant case is successive and an abuse of the writ. Foreman has previously unsuccessfully litigated a case which included claims related to her placement in SHU in the Eastern District of Louisiana Case 2:23cv817-BWA (ECF No. 21-4, 21-5). That court found she did not have a protected property or liberty interest in her custodial classification and there was no basis for relief. ECF No. 21-4 at 22.

Petitioner unsuccessfully petitioned for relief under 2241 in the Northern District of Alabama Case 7:23cv242-LSC-NAD. (ECF No. 21-6-21-9) (report and recommendation adopted February 5, 2024). In that case she complained of having received an incident report regarding a fighting charge 50 minutes past the 24-hour deadline for an incident report to issue. N.D. Ala. Case 7:23cv242, ECF No. 40 at 2. The district court found Petitioner had only shown the BOP violated its own regulations, not that she had a due process right. The claims in this case do not appear related to the claims she now raises. She also filed case 7:23cv160-AMM-NAD, a civil rights action in which she complained of her placement in and conditions of administrative detention, the denial of personal property, injury to her mouth, removal from her prison job and prison officials tampering with her security points.

The Warden contends Foreman raised or could have previously raised the claims she raises herein. *See McCleskey v. Zant*, 499 U.S. 467, 486-490 (1991) (discussing abuse of the writ). The Court is not persuaded Foreman has abused the writ as discussed in *McCleskey*. In any event, this is immaterial to the Court's conclusion that she has not exhausted her administrative remedies and is not entitled to the relief sought relief in this case.

Accordingly, it is respectfully RECOMMENDED:

1. Respondent's "Motion to Dismiss …" (ECF No. 21) be GRANTED.

2. Foreman's second amended petition under 28 U.S.C. § 2241 (ECF No. 8) be DISMISSED.

2. The clerk be directed to close the case file.

At Gainesville, Florida on March 20, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.